The PEOPLE of the State of Colorado, Complainant,

v.

Donald K. SMITH, Attorney–Respondent.

No. 91SA245.

Supreme Court of Colorado, En Banc.

Nov. 4, 1991.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Asst. Disciplinary Counsel, Denver, for complainant.

Donald K. Smith, pro se.

PER CURIAM.

In this attorney discipline case, a hearing panel of the Supreme Court Grievance Committee unanimously approved the findings and recommendation of the hearing board that the respondent receive a public censure for neglecting a legal matter, for intentionally failing to seek the lawful objectives of a client, and for intentionally

failing to carry out a contract of employment. We accept the recommendation of the hearing panel and publicly censure the respondent and order that he be assessed the costs of the disciplinary proceedings.

## I

The respondent was admitted to the bar of this court on September 20, 1962, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court. C.R.C.P. 241.1(b). The hearing board heard the testimony of witnesses, including the respondent. After considering the testimony and exhibits tendered by the assistant disciplinary counsel and the respondent, the board found that the following facts were established by clear and convincing evidence.

In 1966, Cora L. Jorritsma, a resident of rural eastern Colorado, established an *inter vivos* irrevocable trust. The trust property was divided into two equal estates, for the benefit of each of the settlor's two daughters. Grace E. Wagner was one of these daughters. The settlor and the attorney who drafted the trust and served as the original trustee prevailed upon the respondent to become successor trustee in 1982. The respondent assumed this position reluctantly out of his respect and affection for the settlor. At the time the respondent assumed the position of trustee, the settlor and Wagner had substantial personal disagreements with one another.

In December 1982, the settlor gave the respondent a $5,000 check made out to the Grace E. Wagner Trust. In April 1983, the respondent withdrew $5,000 from the trust and returned it to the settlor at the settlor's request. The respondent's withdrawal of the $5,000 from the irrevocable trust violated the terms of the trust.

In addition, the respondent did not disburse any of the net income of the trust to Wagner in 1984, and made only one disbursement in 1985, although the trust required distributions to be made semiannually or more frequently. Finally, the respondent failed to redeem certain school bonds which were assets of the trust for over a year after they became due.

## II

The hearing board found, and we agree, that the respondent's withdrawal of the $5,000 in trust funds, his failure to make periodic distributions of net income to Wagner, and his failure to redeem the school bonds, violated DR 6-101(A)(3) (a lawyer shall not neglect a legal matter entrusted to him). The board determined that the respondent's misconduct in withdrawing the $5,000 from the trust and returning it to the settlor harmed Wagner, a beneficiary of the trust. The board also concluded that the respondent's conduct violated DR 7-101(A)(1) (a lawyer shall not intentionally fail to seek the lawful objectives of his client through reasonably available means); and DR 7-101(A)(2) (a lawyer shall not intentionally fail to carry out a contract of employment entered into with a client). Finally, by virtue of the foregoing, the respondent violated DR 1-102(A)(1) (a lawyer shall not violate a disciplinary rule); and C.R.C.P. 241.6(1) (any act or omission violating the provisions of the Code of Professional Responsibility is grounds for attorney discipline).

## III

The hearing panel recommended that the respondent receive a public censure and be assessed the costs of the proceeding. The assistant disciplinary counsel has not excepted to this recommendation.[1] Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986) (*ABA Standards*), in the absence of aggravating or mitigating factors, public censure is an appropriate sanction when "a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client." *ABA Standards* 4.43.

---

1. This court initially granted the respondent's motion to file untimely exceptions to the findings and recommendation of the hearing panel. The respondent's exceptions were subsequently stricken, however, because he did not request the reporter to prepare a transcript of the proceedings before the hearing board as required by C.R.C.P. 241.20(b)(4).

The respondent has a history of prior discipline. In 1981, and again in 1984, the respondent was admonished for his neglect of legal matters. *See ABA Standards* 9.22(a). On the other hand, the board found that the fees that the respondent charged did not fully reflect the time and effort that he expended as trustee. *See id.* at 9.32(b) (the absence of a dishonest or selfish motive is a mitigating factor). Considering these factors in aggravation and mitigation, and concluding that the likelihood of future misconduct by the respondent is too small to warrant suspension for protection of the public, we agree with the hearing panel that public censure is an appropriate sanction.

### IV

Accordingly, we accept the recommendation of the hearing panel and publicly censure the respondent Donald K. Smith and assess him the costs of these proceedings in the amount of $3,059.63. The costs are payable within ninety days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80202.